Dear Ms. Kattengell:
On behalf of the St. Bernard Parish Government (Parish) you have requested the opinion of this office on the validity of a contract signed by Parish President Charles Ponstein on behalf of the Parish with Mosquito Control, Inc. (MCI) on May 1, 2001. In connection with your request you have provided the following documents which have been reviewed in connection with your request:
 1. The St. Bernard Parish Home Rule Charter adopted November 8, 1988;
 2. A copy of a "Contract for Services Mosquito Control" signed by Charles Ponstein on behalf of St. Bernard Parish and by Greg Rittiner on behalf of Mosquito Control, Inc. dated May 1 2001; and
 3. A copy of St. Bernard Parish ordinance #476-12-00 adopting the annual operating and capital budgets for the Parish and the budget summary 62-1 of the Department of Public Works for mosquito control.
Our opinion is based on the assumption that the records described above are accurate and that they present a complete picture of transactions related to this "contract".
For several reasons set forth below it appears to us that the purported contract between the Parish and MCI is not valid.
St. Bernard Parish, like all political subdivisions of the State of Louisiana, is subject to the Local Government Budget Act, R.S. 39:1301
and following. R.S. 39:1303. Pursuant to this law and sections 5-02 and 5-03 of the Parish's home rule charter, the Parish President proposed and the Parish Council adopted operating and capital budgets for fiscal and calendar year 2001 on December 5, 2000. Included in that budget is an appropriation to the Department of Public Works for mosquito control in budget schedule 62-1. This appropriation is in keeping with Charter provision 4-05(c)(5) which makes the director of public works responsible for "operation of mosquito control program". The "contract" executed by the President makes no reference to involvement by the director of public works and has the effect of completely removing the function of mosquito control from the involvement of any Parish department supervision.
This result is in conflict with the Parish Charter and with the Operating Budget adopted by the Council. Spending funds to hire a contractor to carry out the function of mosquito control is not within the scope of Budget Schedule 62-1 which is within the Department of Public Works and has funds provided for 25 categories of expenditures, from advertising to uniforms. To reflect budget authorization for the "contract" with MCI, would have required appropriation in the original operational budget or by budget amendment duly adopted by the Parish Council, after hearings, for contract services in the amount of $332,800, which appears to be the annual amount payable under the attempted "contract".
Charter provision 5-06 provides, in pertinent part:
 No payment shall be made or obligation incurred against any allotment or appropriation except in accordance with the approved operating and capital budgets and appropriations duly made, and unless the president or the president's designee first certified that there is a sufficient unencumbered balance in such allotment or appropriation and that sufficient funds therefrom are or will be available to cover the claim or meet the obligation when it becomes due and payable . . . Any authorization of payment or incurring of obligation in violation of the provisions of this Charter shall be void, and any payment so made illegal . . .
Since the absence of funds properly appropriated to fund this "contract" means that the contract could not have been validly entered by the President and is therefore void, it is unnecessary to address the secondary issue of whether the mosquito control program can be contracted to a third party in view of Charter provision 4-05(c)(5) which charges the director of public works with "operation of mosquito control program". [Emphasis added.] Your own legal counsel who is more experienced in interpreting the Parish Charter is better equipped to advise on whether contracting out the mosquito control function to an independent contractor is consistent with the mandate to the director of public works for the "operation" of the program.
It is also significant with regard to this "contract" that the offer by MCI was dated December 27, 1999 and was irrevocable for ninety days from that date. Louisiana Civil Code Articles 1928 and 1929 provide that an offer valid for a certain time expires when not accepted within the prescribed time. In order for there to be a valid extension of the term of the offer, there would have had to be a written extension made prior to the expiration of the original offer in March of 2000. The purported acceptance of MCI's offer by President Ponstein occurred on May 1, 2001, more than thirteen months after the offer expired. Without a viable offer, there can be no valid acceptance.
We trust that this answers your inquiry.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ GLENN R. DUCOTE
Assistant Attorney General Chief, Public Finance Contracts Section